KENNEDY, Justice.
The defendant, Dr. Owen B. Evans, and his insurer, Mutual Assurance, Inc., appeal from a post-trial order requiring Mutual Assurance to appear “and show cause as to why th[e] court should not consider Dr. Evans’s potential claims ... against Mutual Assurance” on his request for a remittitur of a *866 punitive damages award. Dr. Evans has alleged that this award, in favor of the plaintiff, Thomas L. Madden, as administrator of the estate of Michelle M. Madden, deceased, will devastate him financially. See generally Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986); Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala.1989) (discussing the re-mittitur of punitive damages awards). This award is $9 million in excess of Dr. Evans’s coverage with Mutual Assurance.
The record indicates that Mutual Assurance had rejected Dr. Evans’s pretrial requests that it attempt to negotiate a settlement of Madden’s claims, as well as attempts by Madden to negotiate a settlement.
As indicated, the trial court ordered Mutual Assurance to show cause as to why the court should not consider, in determining the financial impact of the award, a potential “bad-faith” claim Dr. Evans might have against Mutual Assurance.
Mutual Assurance argues that the trial court lacked the authority to order it to “show cause.” We agree; it is clear, beyond the need for lengthy discussion, that the trial court had no authority to order this nonparty to assume a burden of proof on the remittitur question. However, we emphasize that the trial court’s error was not in affording Mutual Assurance an opportunity to protect its interests, but in ordering it to do so.
Although this point is dispositive of these appeals, the parties request that we also address the issue of whether it is proper for the trial court to consider, on the remitti-tur question, Dr. Evans’s potential for recovering from the insurer the amount of the judgment against him that exceeds the amount of his insurance coverage.
The trial court conducted an in camera inspection of Mutual Assurance file materials relating to this ease. The record indicates that the trial court had before it considerable evidence upon which it could reasonably ascribe a present value to Dr. Evans’s potential claims. Certainly, it is within the trial court’s discretion to ascribe a reasonable present value to this interest, and to consider such an asset on the remittitur issue. We have made it clear that in determining the financial impact of a punitive damages award on a defendant, a trial court should determine “the true impact on the defendant.” Killough v. Jahandarfard, 578 So.2d 1041, 1047 (Ala.1991) (emphasis added).
Finally, Madden, who has filed an appel-lee’s brief, has moved for leave to file additional written argument. This motion is denied. Consideration of motions in opposition to Madden’s motion is, therefore, pretermit-ted.
MOTION TO FILE ARGUMENT DENIED; REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS and INGRAM, JJ., concur.
HOUSTON and STEAGALL, JJ., concur in the result.
MADDOX, J., concurs in part and dissents in part.