SHAW, Justice
(concurring in the result as to case no. 1121205 and concurring in part and dissenting in part as to case no. 1120292).
As to case no. 1121205, Part II.A of the main opinion, I concur in the result. As to case no. 1120292, I concur in part and dissent in part. Specifically, as to Part II.B.2, I concur, and as to Part II.B.l, as discussed below, I dissent.
In Part II.B.l, the main opinion overrules this Court’s recent decision in Boudreaux v. Pettaway, 108 So.3d 486 (Ala.2012), “to the extent that it [holds] that a potential bad-faith claim and/or negligent-failure-to-settle claim against a liability-insurance carrier may be considered as an asset for purposes of a Hammond/Green *1146 Oil[12] review and a remittitur analysis.” 214 So.3d at 1133. I respectfully dissent.
Stare decisis “‘is the only thing that gives form, and consistency, and stability to the body of the law. Its structural foundations, at least, ought not to be changed except for the weightiest reasons.’” Exxon Corp. v. Department of Conservation & Natural Res., 859 So.2d 1096, 1102 (Ala.2002) (quoting Bolden v. Sloss-Sheffield Steel & Iron Co., 215 Ala. 334, 340, 110 So. 574, 580 (1925) (Somer-ville, J., dissenting)). This Court has turned away from such stability of the law when it “ ‘has had to recognize on occasion that it is necessary and prudent to admit prior mistakes and to take the steps necessary to ensure that we foster a system of justice that is manageable and that is fair to all concerned.’ ” Ex parte Capstone Bldg. Corp., 96 So.3d 77, 88 (Ala.2012) (quoting Foremost Ins. Co. v. Parham, 693 So.2d 409, 421 (Ala.1997)).
I see no “prior mistake” of this Court explained in the main opinion that would require that we back away from Boudreaux or Mutual Assurance, Inc. v. Madden, 627 So.2d 865 (Ala.1993), upon which Boudreaux relied. Both Boudreaux and Madden recognize limits to the application of this principle. In Madden, the “trial court had before it considerable evidence” to support its determination, 627 So.2d at 866, and in Boudreaux, “[t]he trial court made detailed findings explaining its evaluation of the merits of the potential claim and the evidence it had considered in reaching that determination.” 108 So.3d at 510.[13] However, the consideration of a potential bad-faith claim and judgment as an asset has been rejected by this Court when it is “too speculative” and is not supported by “considerable evidence.” Tillis Trucking Co. v. Moses, 748 So.2d 874, 887-88 (Ala.1999).
I see no reason to abandon our precedent in Boudreaux and Madden. To me, discounting a potential bad-faith claim as an asset of a defendant may result in a windfall for the defendant if an award against the defendant is later paid for in a judgment entered in an action by the defendant against the defendant’s insurer with punitive damages to boot. See also Ex parte Vulcan Materials Co., 992 So.2d 1252, 1261 (Ala.2008) (“[A] defendant cannot argue as a basis for reducing the punitive-damages award that the award ‘stings’ too much, in the absence of evidence of the defendant’s financial status.”).
Instead of a wholesale overruling of Boudreaux (and, sub silentio, Madden), I would review, as we have previously done in Boudreaux and Madden, whether the trial court erred in assigning any value to Dr. Gillis’s potential claim.[14]
PARKER, J., concurs in discussion of Part II.B.1.

12. Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986), and Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala.1989).

. In Boudreaux, there was actually no argument on appeal "that the trial court lacked sufficient information to adequately assess the defendants’ potential claim against their insurer.” 108 So.3d at 509.

. Part II.B.1 also directs that the trial court, in calculating Dr. Gillis’s assets under Hammond/Green Oil, should not consider Dr. Gillis’s wife’s portion of their jointly owned assets.” 214 So.3d at 1134. I see no argument on appeal by Dr. Gillis as to this issue; thus, I would not address it.